**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUADALUPE VILLA RUIZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-71955 Agency No. A070-948-340 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Guadalupe Villa Ruiz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing Villa Ruiz's appeal

from an immigration judge's ("IJ") decision denying Villa Ruiz's application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Villa Ruiz argues he is entitled to asylum, but he does not challenge the BIA's finding that his asylum application was untimely, and its lateness was not "legally excused." *See* 8 C.F.R. § 1208.4(a)(2). Review of this issue is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Villa Ruiz's asylum claim fails.

Villa Ruiz's withholding of removal claim also fails. Substantial evidence supports the BIA's conclusion that the harm Villa Ruiz suffered or might suffer because of his family membership at the hands of the family of a woman his father "won" in a card game (whether or not they were associated with the "Knights Templar" gang) bore no nexus to a protected ground. *Grava v. I.N.S.*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution . . ."). The BIA did not err in finding that Villa Ruiz's proposed social group of American deportees is not a cognizable social group. *See Reyes v. Lynch*,

2

842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence also supports the BIA's conclusion that Villa Ruiz's fear of general criminality in Mexico bears no nexus to any protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Villa Ruiz's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Villa Ruiz failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**